UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DAVID WAYNE and JOLEEN ANN
CHRISTINE,

               Debtors.

_____/

THOMAS C. RICHARDSON,

               Plaintiff,

v.

KATHLEEN MARIE MCCOLLINS,

               Defendant.

_____/

Case No.  08-03766-swd
Chapter 7
Chapter 11 filed: April 29, 2008
Dated converted to Chapter 7:
December 16, 2009
Hon. Scott W. Dales


Adversary Pro. No. 11-80216

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

PRESENT:   HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

**I.  INTRODUCTION**

Plaintiff, Thomas C. Richardson (the "Trustee"), filed suit against Kathleen Marie McCollins (the "Defendant") to avoid a transfer that David and Joleen Christine (collectively, the "Debtors") made to the Defendant.  Specifically, the Debtors conveyed property located at 1605 Walker Road, Ganges Township, MI (the "Walker Lot") to the Defendant.  When the Plaintiff filed his complaint, it was not clear whether the Debtors transferred the Walker Lot before or after they filed their petition, so the Trustee pled his case in the alternative.  *See* Fed. R. Civ. P. 8(d)(2).

After discovery closed, the Trustee filed a motion for summary judgment (the "Motion," DN 131), contending that regardless of whether the transfer occurred before or after the petition date, the court should avoid the transfer and preserve it for the benefit of the estate. The Defendant did not timely oppose the Motion or request a hearing.[1] In light of the evidence on record, and the Defendant's failure to raise a genuine issue warranting trial, the court will grant the Motion, without setting the matter for oral argument.

## II. JURISDICITION AND AUTHORITY

The court has jurisdiction over the Debtors' bankruptcy case pursuant to 28 U.S.C. § 1334(a). This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). The Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), does not undermine the court's authority to resolve the Motion because, unlike *Stern*, the cause of action in the present case owes its existence to the Bankruptcy Code, rather than state law, and today's order is interlocutory, not final. Moreover, the parties have previously consented to the court's entry of a final order. S*ee* Second Pretrial Order at p. 2 (DN 60); *see also Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 567 (9th Cir. 2012).

## III. ANALYSIS

A.      Summary Judgment Standard

The Trustee seeks a summary judgment under Fed. R. Civ. P. 56, which applies to this adversary proceeding under Fed. R. Bankr. P. 7056. A court should enter judgment without trial under the rule if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Either party may support its position by "citing to particular parts of materials in the record," such as depositions,

---

[1] The Defendant filed her response to the Motion on February 25, 2013, though it was due on February 6, 2013 pursuant to the Third Pretrial Order (DN 125). The court has considered the untimely filing.

affidavits, stipulations, admissions, or other such materials. Fed. R. Civ. P. 56(c)(1)(A). Here, the Plaintiff refers to numerous documents attached to his Motion.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party, in this case the Defendant. *See Hatchett v. United States*, 330 F.3d 875, 880 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A genuine issue for trial exists, and summary judgment is not appropriate, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party has met its summary judgment burden by showing that no genuine issue for trial exists, the nonmoving party can avoid summary judgment only by (1) presenting specific evidence that raises a genuine issue for trial, or (2) objecting to a fact that is not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

B.     Merits of the Motion and Response

The Trustee contends the Walker Lot was transferred in 2009, not 2005. As support, he refers to the Defendant's Amended Answer, where she admits that prior to December 9, 2009, her daughter owned the Walker Lot. *See* Answer of Kathleen McCollins to First Amended Complaint to Avoid Postpetition Transfer (DN 74) at ¶ 9. Although not without ambiguity,[2] this admission suggests that the Walker Lot was not conveyed to her until 2009, postpetition. In addition to this admission, the record establishes that the Debtors listed the Walker Lot on their Schedule A which they filed with their April 29, 2008 chapter 11 petition, paid taxes on the lot

---

[2] It is conceivable that the Defendant could admit the allegation in the First Amended Complaint (DN 9) at paragraph 9 without conceding that the Debtors, or either of them, owned the Walker Lot on the petition date. For example, if Ms. Christine owned the Walker Lot in 2004, the Defendant's admission in paragraph 9 of her answer

postpetition, and executed several quit claim deeds and a Declaration of Easement on July 17, 2009 claiming an interest in the Walker Lot after 2005. *See* Motion at Exhibits. H, J, and K. This record amply supports a finding that the Debtors did not convey the Walker Lot prepetition.

In her untimely response to the Motion (and at other times in this proceeding), the Defendant suggested that a 2005 power of attorney (the "2005 POA") shows that the Debtors conveyed the Walker Lot to her prepetition. The Trustee points out, however, that two versions of the 2005 POA exist, neither of which supports a finding that the transfer occurred in 2005.

The first version of the 2005 POA ("Version 1"), which the Debtors gave to a life insurance company, omits both Ms. Christine's signature and conveyance language. The second version ("Version 2") reflects Ms. Christine's signature, but inexplicably includes additional language conveying the Walker Lot to the Defendant. Mr. Christine challenged the authenticity of Version 2 when he testified at deposition that he suspected Ms. Christine added both the conveyance language and her signature at a later date, and without his permission. The record also includes evidence that the Debtors never delivered any deed to the Defendant before the petition date. *See* Motion at Exhibit F (Defendant testifies she never saw the 2005 POA before litigation).

Taking this last point first, it is well-settled that when no evidence is offered showing delivery of a deed by the grantor, there is no valid conveyance of realty. *Hooker v. Tucker*, 56 N.W.2d 246 (Mich. 1953). Here, there is no evidence in the record that would permit a fact finder to find delivery of an instrument of conveyance prepetition. Thus, even if the court accepts Version 2 as an authentic deed substitute, without evidence that the grantors delivered it

---

would be technically accurate, though perhaps misleading. Strictly speaking, paragraph 9 of the First Amended Complaint does not allege that the Debtors owned the Walker Lot *immediately prior to* December 9, 2009.

to the Defendant, there can be no conveyance under applicable state law.[3] So, despite drawing reasonable inferences in Defendant's favor, the court finds that the Trustee has met his burden of proving that no transfer occurred prepetition and that the Debtors owned the Walker Lot on the petition date. As a result, factual disputes and legal arguments premised on any supposed prepetition transfer are immaterial.

Because the Debtors owned the Walker Lot on the petition date, the Trustee asserts that they transferred it to the Defendant postpetition, presumably pursuant to a 2009 quit claim deed. *See* Motion at Exhibit K. Under these circumstances, the Trustee invokes 11 U.S.C. § 549, which permits the court to avoid unauthorized postpetition transfers. Under § 549(a), a trustee may avoid unauthorized postpetition transfers (or transfers authorized only under §§ 303(f) and 542(c)) subject to exceptions set forth in subsections (b) and (c). Under the court's rules, an entity asserting the validity of a postpetition transfer must shoulder the burden of proof, including the burden of establishing a defense under § 549(c). Fed. R. Bankr. P. 6001.

The exceptions prescribed in § 549(b), applicable only in involuntary cases, do not apply here because the Debtors voluntarily commenced their bankruptcy case by filing a petition under § 301.

The exceptions prescribed in § 549(c), which protect certain good faith purchasers of real property, are also not available to the Defendant, based on the summary judgment record. Although the Defendant argues that the Debtors transferred the Walker Lot to her in exchange for substantial loans that she made to them between 2003 and 2007, she cannot bring the transfer

---

[3] Even assuming, *arguendo*, that the Debtors delivered Version 2 to the Defendant sometime in 2005, and that a valid prepetition conveyance of the Walker Lot took place, there is no evidence in the record that anyone recorded the deed prepetition. Indeed, in one of her pleadings, the Defendant states that "[t]he title was recorded on 12/7/09" and "[r]ecording the deed is not required by law in order for the transfer from the seller to the buyer to take place." *See* Answer to First Amended Complaint to Avoid Post-Petition Transfer (DN 29) at ¶ 10; *see also* Fed. R. Civ. P. 56(c)(3) (court may consider other materials in the record). Although the transfer may be effective as between the

within the scope of § 549(c).  First, the statute does not protect the Defendant's supposed interest because the deed recites that she paid $1.00, which is far from the "present fair equivalent value" that, if established, might afford protection against avoidance.  Second, the Defendant asserts in her unsworn response that antecedent loans made to the Debtors from 2003 to 2007, in the amount of $173,500, provided value for the Walker Lot.  Traditionally, courts do not regard the satisfaction of antecedent debt as "present fair equivalent value" within the meaning of § 549(c). *Davis v. Bank of Commerce* (*In re Wilson*), 52 B.R. 637, 638 (Bankr. E.D. Tenn. 1985); *In re Penfil,* 40 B.R. 474 (Bankr .E.D. Mich. 1984).

Congress knows how to distinguish new or contemporaneous value from antecedent debt, and the court assumes the legislature used the term "present" in § 549(c) purposefully to import a temporal limitation on the defense, akin to the contemporaneous exchange included among the preference defenses.  *See* 11 U.S.C. § 547(c)(1).  In contrast, when Congress intends in chapter 5 to broaden the definition of "value" to include antecedent debts, it does so clearly and unambiguously, as in § 548(d)(2).  Significantly, § 549(c) contains no such language.  Courts generally presume that Congress acts intentionally and purposefully when it includes particular language in one section of the Code, but omits it in another.  *BFP v. Resolution Trust Corp.*, 114 S. Ct. 1757 (1994).  And, as a policy matter, the Code usually eschews the postpetition payment of prepetition debts outside the terms of a confirmed plan or, in chapter 7 cases, a *pro rata* distribution under § 726.

It plainly appears that Congress drafted § 549(c) to mitigate the hardships that might befall unsuspecting purchasers doing business with unscrupulous debtors, a situation not apparent from the record in this case; § 549(c) does not condone postpetition preferences.

---

buyer and seller, unrecorded transfers are not effective against a *bona fide* purchaser of real property, or a bankruptcy trustee (who enjoys the rights of such a purchaser). 11 U.S.C. § 544(a)(3).

<u>Collier on Bankruptcy</u>, ¶ 549.06 (16th ed. Rev.).  In sum, even though the Defendant provided check copies, account statements, and wire-transfer statements to evidence loans she made to the Debtors, the court concludes that the 2009 satisfaction of a debt funded from 2003 to 2007 does not qualify as "present fair equivalent value" under § 549(c).  *See* Fed. R. Bankr. P. 6001.

After careful review, the court finds that the transfer of the Walker Lot occurred postpetition, without authority, and the Defendant has not established any exception to avoidance.  The transfer is therefore avoidable under 11 U.S.C. § 549(a).

## IV.  CONCLUSION AND ORDER

The court notes that the Trustee's Motion seeks judgment on some, but not all, of the counts in his First Amended Complaint, which he has identified as DN 9.[4]  Although it seems likely that granting the Motion as to Count I (§ 549) will give the Trustee all the relief to which he is entitled, the court will follow Fed. R. Civ. P. 54(b) and refrain from entering final judgment unless and until the Trustee files a motion with respect to the remaining counts not addressed in this Opinion and Order.

If, as the court is inclined to believe, entering judgment avoiding the transfer under § 549 and preserving it under § 551 will afford complete relief, the Trustee should promptly file a motion to dismiss the remaining counts in time to avoid the burden and expense of additional proceedings, including conducting the trial scheduled to take place on May 16, 2013.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 131) is GRANTED as to Count I (avoidance under § 549).

---

[4] In the court's Order Regarding Motion to Dismiss (DN 99), the court dismissed the Trustee's Second Amended Complaint, (DN 69), which was premised on a prior order consolidating the Trustee's claims against Ms. McCollins with claims against other entities.  As a result, the First Amended Complaint (DN 9) is the pleading that the Trustee asserts.  It is also the pleading that the Defendant moved against and answered, and that the court is considering in resolving this Motion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed R. Bankr. P. 9022 and LBR 5005-4 upon Elisabeth M. Von Eitzen, Esq., Kathleen McCollins, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 1, 2013**



Scott W. Dales
United States Bankruptcy Judge